**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NATHAN SMITH, | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR VIOLATIONS** |
| | ) | **OF THE FEDERAL SECURITIES** |
| AVID TECHNOLOGY, INC., JOHN P. | ) | **LAWS** |
| WALLACE, CHRISTIAN A. ASMAR, | ) | |
| ROBERT M. BAKISH, PAULA E. BOGGS, | ) | |
| ELIZABETH M. DALEY, NANCY | ) | JURY TRIAL DEMANDED |
| HAWTHORNE, JEFFREY ROSICA, | ) | |
| DANIEL B. SILVERS, and PETER M. | ) | |
| WESTLEY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Nathan Smith ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1.     This is a stockholder action brought by Plaintiff against Avid Technology, Inc. ("Avid" or the "Company") and the members of Avid's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell Avid to STG Partners, LLC ("STG") (the "Proposed Transaction").

2.     On August 9, 2023, Avid entered into an Agreement and Plan of Merger with Artisan Bidco, Inc. ("Parent") and Artisan Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement"). Parent and Merger Sub are affiliates of STG. Pursuant to the terms of the Merger

Agreement, STG will acquire Avid for $27.05 in cash per share of Avid common stock outstanding.

3.      On September 15, 2023, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  Specifically, the Proxy Statement, which recommends that Avid stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Goldman Sachs & Co. LLC ("Goldman Sachs"); (iii) the background of the Proposed Transaction; and (iv) potential conflicts of interest faced by Company insiders.

4.      The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Avid stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5.      The special meeting for Avid stockholders to vote on the Proposed Transaction is currently scheduled for November 2, 2023.  It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Avid's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction.  Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

2

7.     This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper under 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.     Plaintiff is, and has been at all relevant times, the owner of shares of Avid common stock.

10.    Defendant Avid is a Delaware corporation with its principal executive offices located at 75 Blue Sky Drive, Burlington, Massachusetts 01803.  Avid's shares trade on the Nasdaq Global Select Market under the ticker symbol "AVID."

11.    Defendant John P. Wallace has been Chairman of the Board and a director of the Company at all relevant times.

12.    Defendant Christian A. Asmar has been a director of the Company at all relevant times.

13.    Defendant Robert M. Bakish has been a director of the Company at all relevant times.

14.    Defendant Paula E. Boggs has been a director of the Company at all relevant times.

15.    Defendant Elizabeth M. Daley has been a director of the Company at all relevant times.

16.    Defendant Nancy Hawthorne has been a director of the Company at all relevant times.

17.     Defendant Jeffrey Rosica has been President, Chief Executive Officer and a director of the Company at all relevant times.

18.     Defendant Daniel B. Silvers has been a director of the Company at all relevant times.

19.     Defendant Peter M. Westley has been a director of the Company at all relevant times.

20.     Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

SUBSTANTIVE ALLEGATIONS

**Background of the Company**

21.     Avid develops, markets, sells, and supports software and integrated solutions for video and audio content creation, management, and distribution.  Avid is a leading technology provider that powers the media and entertainment industry by providing an open and efficient platform for digital media, along with a comprehensive set of creative software tools and workflow solutions.  The Company's solutions are used in production and post-production facilities, film studios, network, affiliate, independent and cable television stations, recording studios, live-sound performance venues, advertising agencies, government and educational institutions, corporate communications departments, and by independent video and audio creative professionals, as well as aspiring professionals.

**The Proposed Transaction**

22.     On August 9, 2023, Avid announced that it had entered into the Proposed Transaction, stating, in relevant part:

> BURLINGTON, Mass., August 9, 2023 – Avid® (NASDAQ: AVID), a leading technology provider that powers the media and entertainment industry, today

4

announced that it has entered into a definitive agreement to be acquired by an affiliate of STG in an all-cash transaction valuing Avid at approximately $1.4 billion, inclusive of Avid's net debt. Under the terms of the agreement, Avid stockholders will receive $27.05 in cash for each share of Avid common stock. The cash purchase price represents a premium of 32.1% over the Company's unaffected closing share price on May 23, 2023, the last full trading day prior to media speculation regarding a potential sale of the Company.

"Since our founding over 30 years ago, Avid has delivered technology that enables individuals and enterprises who create media for a living to make, manage and monetize today's most celebrated video and audio content across the globe. We are pleased to announce this transaction with STG, who share our conviction and excitement in delivering innovative technology solutions to address our customers' creative and business needs," said Jeff Rosica, Avid's Chief Executive Officer and President. "STG's expertise in the technology sector and significant financial and strategic resources will help accelerate the achievement of our strategic vision, building on the momentum of our successful transformation achieved over the past several years. This transaction represents the start of an exciting new chapter for Avid, our customers, our partners and our team members and is a testament to the importance of Avid and our solutions in powering the media and entertainment industry."

John P. Wallace, Chairman of the Avid Board of Directors, said, "This transaction is the result of a comprehensive review of strategic alternatives for Avid. Upon closing, this transaction will deliver immediate, significant and certain value to our stockholders. After carefully evaluating a variety of options, the Board determined that this transaction is in the best interests of Avid and its stockholders."

William Chisholm, Managing Partner of STG added, "STG has admired Avid's heritage as a category creator and pioneer in the media and entertainment software market for many years. We are excited to partner with Jeff and the management team to build on the Company's history of delivering differentiated and innovative content creation and management software solutions. We look forward to leveraging our experience as software investors to accelerate Avid's growth trajectory with a deep focus on technological innovation and by delivering enhanced value for Avid's customers."

**Transaction Details**

The transaction was unanimously approved by Avid's Board of Directors and is expected to close during the fourth quarter of 2023, subject to Avid stockholder approval, regulatory approvals and other customary closing conditions. The transaction will be financed through a combination of equity and debt financing and is not subject to a financing condition. Upon completion of the transaction, Avid will become a privately-held company, and its common stock will no longer be traded on Nasdaq.

For further information regarding the terms and conditions contained in the definitive transaction agreement, please see Avid's current report on Form 8-K, which will be filed with the U.S. Securities and Exchange Commission in connection with the transaction.

**Second Quarter 2023 Results**

Avid today will announce its financial results for the second quarter of 2023, which ended on June 30, 2023. The press release will be available on the Investor Relations section of the company's website and the website of the U.S. Securities and Exchange Commission. In light of today's announced transaction, Avid is cancelling its previously scheduled earnings conference call.

**Advisors**

Goldman Sachs & Co. LLC is serving as financial advisor to Avid, and Sidley Austin LLP is serving as legal counsel. Rothschild & Co is serving as financial advisor to STG, and Paul Hastings LLP is serving as legal counsel to STG. Sixth Street Partners and Silver Point are providing committed debt financing in support of the transaction.

**The Materially Incomplete and Misleading Proxy Statement**

23.    On September 15, 2023, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC.  The Proxy Statement, which recommends that Avid stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Goldman Sachs; (iii) the background of the Proposed Transaction; and (iv) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning Avid's Financial Projections*

24.    The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

25.     For example, for each of the Company's March Financial Projections and July Financial Projections, the Proxy Statement fails to disclose: (i) all line items underlying the Company's (a) Adjusted EBITDA and (b) Unlevered Free Cash Flow; and (ii) the Company's subscription revenue and maintenance revenue that comprise the Company's Strategic Revenue.

*Material Misrepresentations and/or Omissions Concerning Goldman Sachs' Financial Analyses*

26.     The Proxy Statement fails to disclose material information concerning Goldman Sachs' financial analyses.

27.     With respect to Goldman Sachs' *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the terminal year estimate of Avid's Adjusted EBITDA used to derive the Company's terminal values; (ii) the Company's terminal values; (iii) the inputs and assumptions underlying the discount rates ranging from 11.0% to 12.0%; (iv) Avid's total debt and cash and cash equivalents, each as of June 30, 2023; and (v) the Company's fully diluted outstanding shares.

28.     With respect to Goldman Sachs' *Illustrative Present Value of Future Share Price Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the implied enterprise value for Avid for each of calendar years 2023 through 2025; (ii) Avid's cash and cash equivalents for each of calendar years 2023 through 2025; (iii) Avid's projected year-end number of fully diluted outstanding shares for each of calendar years 2023 through 2025; (iv) the inputs and assumptions underlying the discount rate of 11.8%; and (v) Avid's net debt.

29.     With respect to Goldman Sachs' *Selected Publicly Traded Companies Trading Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by Goldman Sachs.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

30.     The Proxy Statement fails to disclose material information concerning the background leading to the Proposed Transaction.

31.     For example, the Proxy Statement fails to disclose the terms of the confidentiality agreements the Company executed with potential counterparties, including with 16 parties between April 2, 2023, and April 11, 2023, Bidder C on May 12, 2023, six additional counterparties between May 31, 2023 and June 8, 2023, and Bidder E on July 7, 2023. *See* Proxy Statement at 32, 33, 35, 38.   Specifically, the Proxy Statement fails to disclose whether the confidentiality agreements include "don't ask, don't waive" standstill provisions that are currently in effect and operate to preclude any interested party from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

32.     The Proxy Statement fails to disclose material information concerning Company insiders' potential conflicts of interest.

33.     Notably, in the August 9, 2023, press release announcing the Proposed Transaction, STG's Managing Partner, William Chisholm, stated, "We are excited to partner with Jeff and the management team to build on the Company's history of delivering differentiated and innovative content creation and management software solutions."   Yet, the Proxy Statement fails to disclose whether any of Avid's officers or directors have secured employment with the combined company upon closing of the Proposed Transaction.   Moreover, the Proxy Statement fails to disclose whether any of STG's proposals or indications of interest mentioned management retention in the

combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

34.     In sum, the omission of the above-referenced information renders statements in the "Certain Avid Unaudited Prospective Financial Information," "Opinion of Avid's Financial Advisor," "Background of the Merger," and "Interests of Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Avid will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Avid**

35.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

36.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Avid is liable as the issuer of these statements.

37.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

38.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

39.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

40.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

41.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

42.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

**Claims for Violation of Section 20(a) of the Exchange Act
Against the Individual Defendants**

43.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.     The Individual Defendants acted as controlling persons of Avid within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Avid and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

45.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

47.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

48.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Avid, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction,

including the stockholder vote on the Proposed Transaction, unless and until defendants disclose

the material information identified above which has been omitted from the Proxy Statement;

       B.      In the event defendants consummate the Proposed Transaction, rescinding it and

setting it aside or awarding rescissory damages to Plaintiff;

       C.      Directing the Individual Defendants to file a Proxy Statement that does not contain

any untrue statements of material fact;

       D.      Awarding Plaintiff the costs of this action, including reasonable allowance for

Plaintiff's attorneys' and experts' fees; and

       E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  October 11, 2023                   **LONG LAW, LLC**

                                   By   */s/ Brian D. Long*
                                        Brian D. Long (#4347)
                                        3828 Kennett Pike, Suite 208

**OF COUNSEL:**                        Wilmington, DE 19807
                                        Telephone: (302) 729-9100

**ACOCELLI LAW, PLLC**           Email: BDLong@longlawde.com
Richard A. Acocelli
33 Flying Point Road, Suite 131        *Attorneys for Plaintiff*
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

12